UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
YVONNE COHEN,                                     :
                                                  :
       Plaintiff,                                :   No. 12 Civ. 7040 (RPP)
                                                  :
   -against-                                     :
                                                  :   **ORAL ARGUMENT REQUESTED**
CHARLEX, INC.,                                    :
                                                  :
       Defendant.                                :
-------------------------------------------------------X

**DEFENDANT CHARLEX, INC.'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Wendy Stryker, Esq.
488 Madison Avenue, 10th Fl.
New York, NY 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
wstryker@fkks.com

*Attorneys for Defendant Charlex, Inc.*

## **TABLE OF CONTENTS**

**Page**

I.   PLAINTIFF HAS NOT PRESENTED A SINGLE FACT THAT SUPPORTS
     HER CLAIM OF FMLA DISCRIMINATION .................................................................. 1

     A.   Plaintiff's Conclusory Allegations Are Insufficient to Establish any
          Adverse Employment Action................................................................................ 1

     B.   Plaintiff's Conclusory Allegations Are Insufficient to Give Rise to an
          Inference of Retaliatory Intent .............................................................................. 4

II.  PLAINTIFF HAS FAILED TO ESTABLISH PRETEXT OVERRIDING
     CHARLEX'S LEGITIMATE BUSINESS REASON FOR ITS ALLEGED
     ACTIONS ......................................................................................................................... 8

III. PLAINTIFF'S STATE AND CITY LAW CLAIMS ALSO FAIL .................................... 9

CONCLUSION.............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ballard v. Children's Aid Soc'y*,
   781 F.Supp.2d 198 (S.D.N.Y.2011)..................................................................................10

*Ben-Levy v. Bloomberg, L.P.*,
   518 F. App'x 17 (2d Cir. 2013) .........................................................................................10

*Brown v. Northrop Grumman Corp.*,
   2014 WL 4175795 (E.D.N.Y. Aug. 19, 2014).....................................................................7

*Carey v. Crescenzi*,
   923 F.2d 18 (2d Cir.1991)....................................................................................................7

*Cobb v. Pozzi*,
   363 F.3d 89 (2d Cir. 2003)...................................................................................................7

*Cooper v. New York State Nurses Ass'n*,
   847 F. Supp. 2d 437 (E.D.N.Y. 2012) .................................................................................6

*Crady v. Liberty Nat'l Bank & Trust Co.*,
   993 F.2d 132 (7th Cir. 1993) ...............................................................................................4

*Davies v. N.Y. City Dep't of Educ.*,
   563 Fed. App'x 818 (2d Cir. 2014)......................................................................................4

*Dawson v. City of New York*,
   2013 WL 4504620 (S.D.N.Y. Aug. 19, 2013) .....................................................................7

*Edwards v. Interboro Inst.*,
   840 F. Supp. 222 (E.D.N.Y. 1994) ......................................................................................9

*Esser v. Rainbow Advertising Sales Corp.*,
   448 F. Supp. 575 (S.D.N.Y. 2006) ......................................................................................6

*Galabya v. N.Y. City Bd. of Educ.*,
   202 F.3d 636 (2d Cir. 2000).................................................................................................4

*Garner v. Wal-Mart Stores, Inc.*,
   807 F.2d 1536 (11th Cir. 1987) ...........................................................................................4

*Hicks v. Baines*,
   593 F.3d 159 (2d Cir. 2010).................................................................................................2

*Hoffmann v. Airquip Heating & Air Conditioning*,
    480 F. App'x 110 (2d Cir. 2012) ..................................................................................10

*Holcomb v. Iona College*,
    521 F.3d 130 (2d Cir. 2008)..........................................................................................8

*Jantz v. Emblem Health*,
    2012 WL 370297 (S.D.N.Y. Feb. 6, 2012)....................................................................2

*Jeffreys v. City of New York*,
    426 F.3d 549 (2d Cir. 2005)..........................................................................................8

*Jones v. SmithKline Beecham Corp.*,
    309 F.Supp.2d 343 (N.D.N.Y.2004) ..............................................................................8

*Leget v. Henderson*,
    2001 WL 43615 (S.D.N.Y. Jan. 18, 2001) ....................................................................4

*Lozada v. Delta Airlines, Inc.*,
    2014 WL 2738529 (S.D.N.Y. June 17, 2014) ...............................................................5

*Lundy v. Town of Brighton*,
    732 F. Supp. 2d 263 (W.D.N.Y. 2010) ..........................................................................2

*Malena v. Victoria's Secret Direct, LLC*,
    886 F. Supp. 2d 349 (S.D.N.Y. 2012)............................................................................6

*Martinez v. N.Y.C. Dep't of Educ.*,
    2008 WL 2220638 (S.D.N.Y. May 27, 2008) ...............................................................3

*McCown v. UOP, Inc.*,
    1995 WL 519818 (N.D.Ill. Aug. 30, 1995) ...................................................................8

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*,
    743 F.3d 11 (2d Cir. 2014)............................................................................................2

*Sconfienza v. Verizon Pennsylvania Inc.*,
    307 F. App'x 619 (3d Cir. 2008) ...................................................................................7

*Tepperwien v. Entergy Nuclear Operations, Inc*,
    663 F.3d 556 (2d Cir. 2011).....................................................................................2, 3

*Terry v. County of Cayuga*,
    2013 WL 54643395 (N.D.N.Y. Sept. 30, 2013)........................................................6, 7

*Williams v. McCausland*,
    1995 WL 548862 (S.D.N.Y. Sept. 15, 1995).................................................................9

**Statutes**

FMLA ................................................................................................................................ *passim*

N.Y. Lab. Law § 623 ........................................................................................................3g10

**Statutes**

FMLA ................................................................................................................................ *passim*

N.Y. Lab. Law § 623 ........................................................................................................3g10

In its opening brief, Charlex established that the performance criticisms and temporary job rearrangements complained about by Plaintiff are not "adverse" job actions sufficient to establish a claim of FMLA retaliation, and that Plaintiff was not constructively discharged by her supervisor. Charlex also established that, based on undisputed facts, Plaintiff's alleged adverse job actions did not occur under circumstances giving rise to an inference of retaliatory intent. In her opposition papers, Plaintiff does not dispute the material facts necessary for granting summary judgment and agrees that she wrote emails demonstrating on their face that she was increasingly argumentative and insubordinate and agrees that she knew any job rearrangements were temporary and necessitated by departmental needs. Instead, Plaintiff attempts to avoid summary judgment and manufacture retaliatory intent by reciting a litany of conclusory and unsupported facts and by misstating the law. Because Plaintiff has not met her prima facie case of establishing FMLA retaliation, summary judgment should be granted and Plaintiff's claims dismissed in their entirety.

## I. PLAINTIFF HAS NOT PRESENTED A SINGLE FACT THAT SUPPORTS HER CLAIM OF FMLA DISCRIMINATION

### A. Plaintiff's Conclusory Allegations Are Insufficient to Establish any Adverse Employment Action

In its moving papers, Charlex reviewed the history of Plaintiff's employment and demonstrated that the critical emails and minor job rearrangements cited in the Complaint do not constitute adverse employment actions and that the May 6th meeting with Donna Herman cannot support a claim of constructive discharge.[1] In response, Plaintiff does not present evidence of any additional events that she claims support her claim of discrimination. Instead, she argues

---

[1] Plaintiff does not dispute facts alleging that she received all the FMLA leave she requested and was not formally disciplined. UF 34-35. To the extent that Plaintiff attempts to dispute that her salary was not docked, the transcript pages cited to by her refer only to permissible reduced pay in connection with her FMLA reduced hours schedule. UF 35.

that the alleged acts must be considered in the aggregate. Opp. Mem. at 17 (citing *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010). However, Plaintiff misstates the law on this issue. As the *Hicks* decision makes clear, "'[p]etty slights or minor annoyances that often take place at work and that all employees experience' do not constitute actionable retaliation." *Id.* at 165. Rather, "individual actions that 'were trivial ... remain trivial' even when analyzed collectively." *Jantz v. Emblem Health*, 2012 WL 370297, at *15 (S.D.N.Y. Feb. 6, 2012) (quoting *Tepperwien v. Entergy Nuclear Operations, Inc*, 663 F.3d 556, 572 (2d Cir. 2011)). Plaintiff cannot point to any conduct beyond petty slights or minor annoyances that do not constitute discrimination.

Indeed, summary judgment has been regularly granted in cases where the alleged actions, even when looked at in the aggregate, are much more severe than those alleged here. *See Tepperwien*, 663 F.3d at 568 (affirming judgment as a matter of law dismissing plaintiff's retaliation claim where alleged retaliatory acts, considered in aggregate, included threats of termination, exclusion from meetings, disciplinary counseling, and comments and stares from co-workers); *Lundy v. Town of Brighton*, 732 F. Supp. 2d 263, 272 (W.D.N.Y. 2010) (granting summary judgment and finding no adverse employment action in aggregate where plaintiff's work hours were repeatedly changed, she was denied sick time, was required to report to a different executive rather than her supervisor, and where her employer compelled her retirement by filling out a retirement benefits application on her behalf); *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25-26 (2d Cir. 2014) (affirming grant of summary judgment where employee's receipt of two disciplinary citations, assignment to drive "dirty buses," late overtime payment, and a refusal of a half-day off for a doctor's employment were not, in aggregate, materially adverse).

Plaintiff tries to bolster her claim with the unsupported and conclusory assertion that "Donna Herman directly created an 'adversarial relationship' with Ms. Cohen" amounting to an

2

adverse employment action.[2]  However, even if this fact were true, Plaintiff points to no evidence that goes beyond the sort of "personality conflicts at work that generate antipathy and snubbing by supervisors and co-workers" that are generally held not to be actionable. *See, e.g., Tepperwien*, 663 F.3d at 571 (internal citations omitted); *see also Martinez v. N.Y.C. Dep't of Educ.*, 2008 WL 2220638 at *12 (S.D.N.Y. May 27, 2008).

In its moving papers, Charlex also presented undisputed facts establishing that regardless of what took place at the May 6th meeting with Donna Herman, Plaintiff's work conditions were not so difficult that a reasonable person would have felt forced to resign. Def.'s Mem. at 17-18. Plaintiff does not dispute that the she worked full time and happily at her regular job duties all week and that she made her decision that she had been constructively discharged abruptly and knowing that any alleged changes were to be temporary and "until [she could be] back on a full time basis." UF 78-103. Rather, she simply asserts that "it is well settled that significantly diminished material responsibilities are an example of a materially adverse employment action."[3] Opp. Mem. at 17. While it is correct that a *permanent* material diminution in duties may constitute an adverse employment action, the cases Plaintiff cites do not support this point, nor can she support her argument that *temporary* changes in duties constitute a constructive

---

[2] Plaintiff's contention that there was something improper about Donna Herman's participation in the administration of her FMLA leave (Opp. Mem. at 17) is also of no avail. Plaintiff points to no authority in the FMLA, its attendant regulations, or case law – and Defendant has found none – to suggest that there is anything inappropriate about a supervisor overseeing the leave of an employee and providing paperwork.

[3] Plaintiff also alleges that she received a determination from unemployment that her "employer unilaterally reduced her area of responsibility for reasons unknown. I find this reduction in responsibility to constitute a significant change in the terms and conditions of her employment." Opp. Mem. at 15 and Plaintiff Ex. RR. Here, Charlex did not dispute Plaintiff's receipt of unemployment. As the Court is aware, "[n]o finding of fact or law contained in a decision rendered by a[n unemployment] referee, the appeal board or a court shall preclude the litigation of any issue of fact or law in any subsequent action or proceeding." N.Y. Lab. Law § 623 (McKinney).

discharge. None of the cases cited by Plaintiff resulted in a finding that the permanent diminution in duties amounted to an adverse employment action. *See Galabya v. N.Y. City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir. 2000) (teacher's reassignment to special education class was not an adverse employment action); *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993) (transfer from branch manager to collections officer position at bank was not an adverse employment action where not accompanied by "a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities…"); *Davies v. N.Y. City Dep't of Educ.*, 563 Fed. App'x 818, 820 (2d Cir. 2014) (teacher's removal from regular classroom was not materially adverse employment action). In fact, as shown in Charlex's moving brief, courts have frequently granted summary judgment for the employer where the alleged diminution in duties was both permanent and much more significant than Plaintiff alleges here. *See* Def.'s Mem. at 18 (citing cases). Moreover, Plaintiff acknowledges that any diminution in duties was merely temporary. UF 41-60. Such temporary changes simply do not amount to a constructive discharge. *See Leget v. Henderson*, 2001 WL 43615, at *6 (S.D.N.Y. Jan. 18, 2001) (temporary transfer was not adverse action); *see also Garner v. Wal-Mart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir. 1987) (finding no constructive discharge where plaintiff resigned after a single day because "it is not reasonable for an employee to resign after one day's disappointment…").

      **B.    Plaintiff's Conclusory Allegations Are Insufficient to Give Rise to an Inference of Retaliatory Intent**

Plaintiff's Response to Defendants' Statement of Undisputed Facts shows that Plaintiff has no evidence to support her allegation of retaliatory intent. Plaintiff does not dispute that contemporaneous emails written by Donna Herman document the workflow issues in the Accounting Department, the confluence of extra projects and personnel shortages, and that Ms.

4

Herman on multiple occasions provided her with written confirmation that any job rearrangements were temporary. UF 41-60. With respect to Plaintiff's claims that job duties were stripped from her in the May 6 meeting, she acknowledges that she was returning to work on a reduced hours basis and that whatever was told to her in that meeting, she knew any rearrangements were "until she was back full time." UF 89.

With respect to Plaintiff's allegations of discriminatory intent based on Ms. Herman's job criticisms, all of which took place in email, no dispute exists as to the contents of the communications. UF 61-67. Because these emails accurately reflect the communications between the parties, the parties do not present conflicting versions of the facts that might preclude summary judgment. *Lozada v. Delta Airlines, Inc.*, 2014 WL 2738529, at *5 (S.D.N.Y. June 17, 2014) (granting summary judgment where defendant submitted deposition testimony, a supervisor's affidavit, and "pre-litigation reports and emails that describe the events in detail," where plaintiff submitted only her own deposition with a contrasting view of the events).

Because she is unable to establish material disputed facts or credibility issues with respect to her claims, Plaintiff attempts to manufacture retaliatory intent where there is none by arguing that Ms. Herman repeatedly expressed animus towards her FMLA leave. Opp. Mem. at 18. However, even the cases cited by Plaintiff stand for the notion that expressed animus must be significantly more serious than what Plaintiff alleges and must be directed toward the FMLA leave itself.

The cases cited by Plaintiff are thus distinguishable on their facts. In *Terry v. County of Cayuga*, 2013 WL 54643395, at *6 (N.D.N.Y. Sept. 30, 2013), the plaintiff established unambiguous evidence of a long history of comments and conduct directed at the FMLA leave itself, such as statements in performance reviews that plaintiff was "undependable" because she took sick time and that her "significant use of sick time suggested diminished performance." In

5

*Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 361 (S.D.N.Y. 2012), the plaintiff adduced evidence of retaliatory intent in the form of documented complaints to a supervisor about an employee's FMLA leave that she "took off too much time to care for her children and was therefore unfit to be [supervisor's] assistant." *See also Cooper v. New York State Nurses Ass'n*, 847 F. Supp. 2d 437 (E.D.N.Y. 2012) (email directly stating that plaintiff should be terminated because her FMLA leave was not "good for the team"); *Esser v. Rainbow Advertising Sales Corp.*, 448 F. Supp. 575, 582-84 (S.D.N.Y. 2006) (significant evidence of disparate treatment where plaintiff was fired for misconduct while on FMLA leave but misconduct not investigated as thoroughly as with other employees).

Here, unlike the cases in which sufficient evidence of retaliatory intent was found, Plaintiff has not pointed to competent, non-speculative expression of animus by Ms. Herman that was directed at or was about her FMLA leave. Although Plaintiff does not explain which comments she believes evince animus, she points in her fact statement to two emails by Ms. Herman asking Plaintiff to complete FMLA forms, her belief that Ms. Herman criticized her work knowing it created stress due to her medical condition, an email written from Ms. Herman to Mr. Langley about Plaintiff slurring her words, an email to Plaintiff in which Ms. Herman cautions Plaintiff not to argue and set up an "adversarial relationship", and Plaintiff's belief that she did not receive short-term disability benefits because Ms. Herman's judgment was "clouded" by an "adversarial relationship". Opp. Mem. at 4-11.

None of these alleged statements or actions evince animus toward Plaintiff at all, and certainly do not evince animus with respect to her FMLA leave. Plaintiff impermissibly *assumes* that such animus exists. This is exactly the kind of conjecture and speculation that is prohibited by courts, which require plaintiffs in discrimination cases to "do more than simply show that there is some metaphysical doubt as to the material facts . . . She must come forth with

6

evidence sufficient to allow a reasonable jury to find in her favor." *Dawson v. City of New York*, 2013 WL 4504620, at *8 (S.D.N.Y. Aug. 19, 2013); *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2003) (holding that a First Amendment retaliation claim cannot be based on "conclusory assertions of retaliatory motive"; rather, "[plaintiff] must produce 'some tangible proof to demonstrate that [his] version of what occurred was not imaginary'"); *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991).

While the emails asking Plaintiff to complete FMLA forms do relate to her leave, they do not reflect animus, and rather only to an employer complying with its administrative requirements. *See, e.g., Terry*, 2013 WL 5464395, at *6 (manner in which plaintiff is notified about leave is not animus evincing evidence of retaliatory intent); *Sconfienza v. Verizon Pennsylvania Inc.*, 307 F. App'x 619, 624 (3d Cir. 2008) ("The requirement that she fill out new [FMLA] paperwork, and the denial of her claim are not retaliatory actions . . . . For these reasons, [plaintiff]'s retaliation claims were properly dismissed on summary judgment").

Similarly, the email to Mr. Langley about Plaintiff slurring her words did not reflect animus towards Plaintiff's FMLA leave, but rather a concern about her ability to work accurately and effectively, both permissible concerns. *See Brown v. Northrop Grumman Corp.*, 2014 WL 4175795, at *13 (E.D.N.Y. Aug. 19, 2014) ("[t]he comments Plaintiff complained of constitute general workplace criticism and carry no implication of discriminatory animus whatsoever"). The March 31, 2011 email from Ms. Herman explaining that Ms. Cohen's argumentative emails "set up an adversarial relationship between us" also do not show animus because of Plaintiff's FMLA leave, but rather state on their face Ms. Herman's concern with Plaintiff's increasingly defensive and unnecessary emails about accounting issues which "take up far too much departmental time and energy that need to be spent on the work of the Company." And any speculation as to why Plaintiff did not receive short-term disability benefits remains just that -

7

speculation. *See* Opp. Mem. at 11 ("Clearly, the 'adversarial relationship' that Donna Herman wrote about on March 31, 2011 clouded her judgment and, as a result, Charlex, Inc. did not provide Ms. Cohen with the Short Term Disability benefits that she was entitled to"). Plaintiff does not point to any conduct or communication directly commenting upon it, linking it to her FMLA leave, or explaining a basis for why such benefits, which Plaintiff does not assert she even requested, were not provided.

As to the criticisms of Plaintiff's work and behavior, the FMLA does not shield employees from criticisms or typical work issues solely because they are taking such leave. *See, e.g.*, *McCown v. UOP, Inc.*, 1995 WL 519818, at *7 (N.D.Ill. Aug. 30, 1995) ("FMLA is not a shield to protect employees from legitimate disciplinary action by their employers if their performance is lacking in some manner unrelated to their FMLA leave"). *See also Jones v. SmithKline Beecham Corp.*, 309 F.Supp.2d 343, 353 (N.D.N.Y.2004) (finding that even though the plaintiff "may have suffered panic attacks and anxiety, from an objective standpoint, there [was] insufficient evidence in the record that [the p]laintiff's working conditions were so intolerable such that an ordinary person would feel compelled to resign").

The record thus provides no basis from which a jury could conclude that Plaintiff has established a prima facie case without engaging in "unsubstantiated speculation." *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005); *see also Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008) ("a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment").

II. **PLAINTIFF HAS FAILED TO ESTABLISH PRETEXT OVERRIDING CHARLEX'S LEGITIMATE BUSINESS REASON FOR ITS ALLEGED ACTIONS**

Even if Plaintiff had succeeded in establishing her prima facie case, her claims must still be dismissed on the grounds that Charlex adequately articulated legitimate business reasons for

8

its employment actions, and Plaintiff cannot meet her burden of establishing pretext by the higher standard of a preponderance of the evidence. Charlex's evidence of a legitimate business reason mirrors its evidence of lack of retaliatory intent. Def.'s Mem at 14-16. Any criticisms of Plaintiff's work and attitude were in response to Plaintiff's poor performance or argumentative and eventually, insubordinate attitude, and her job responsibilities were temporarily rearranged to meet departmental needs. Both are legitimate reasons for Charlex's actions. *See e.g.*, *Williams v. McCausland*, 1995 WL 548862, at *13 (S.D.N.Y. Sept. 15, 1995) ("In addition, '[i]t is widely acknowledged that reasons such as . . . conflicts with persons in positions of authority constitute legitimate nondiscriminatory reasons justifying discharge'"); *Edwards v. Interboro Inst.,* 840 F. Supp. 222, 230 (E.D.N.Y. 1994) ("[B]latant employee insubordination is a legitimate reason for terminating employment"). Plaintiff bears the burden of establishing that Charlex's proffered legitimate reasons for its actions were merely pretext. However, rather than present any evidence of pretext, Plaintiff appears to agree that any actions Charlex took were out of concern for getting the work done in the Accounting Department. *See* Opp. Mem. at 5 ("Donna Herman's obvious concern from the outset was not Ms. Cohen's disability, but instead making sure that the work got done in her department at whatever cost."); Opp. Mem. at 7 ("Yet, [Donna Herman] had no regard whatsoever for the disability that Ms. Cohen was suffering with and instead was only concerned with the work in her department being done accurately and effectively."). As Plaintiff presents no evidence that Charlex's proffered reason is merely pretext, her claims must fail. *See Hoffmann v. Airquip Heating & Air Conditioning,* 480 F. App'x 110, 112 (2d Cir. 2012).

### III.  PLAINTIFF'S STATE AND CITY LAW CLAIMS ALSO FAIL

Plaintiff admits that "[t]he standards for liability under the New York State Human Rights Law NY CLS § 296 ("NYSHRL") and federal antidiscrimination laws are equivalent and

9

do not necessitate separate analysis." Opp. Mem. at 20.  Indeed, Plaintiff adds no new facts or law from which a court could find in her favor, but merely repeats her allegation that Ms. Herman "intentionally did not offer Ms. Cohen short term disability leave when she went out for her surgery." *Id.* at 21.  However, as discussed in Sections I and II, *supra*, Plaintiff has not met her burden of showing that this alleged failure to offer disability that she did not request amounts to an adverse employment action, or that it was motivated by discriminatory intent.  Therefore, for the reasons set forth in Sections I and II above, Plaintiff's NYSHRL claim must fail.

Similarly, while claims of discrimination are "to be construed liberally" under the NYCHRL (Opp. Mem. at 23 (citing N.Y.C. Admin. Code § 8-130)), this "does not alter the kind, quality or nature of evidence that is necessary to support or defeat a motion for summary judgment under Rule 56." *Ballard v. Children's Aid Soc'y*, 781 F.Supp.2d 198, 211 (S.D.N.Y.2011) (citation and internal quotation marks omitted).  Rather, like the FMLA and NYSHRL, "the NYCHRL is not a civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives or if the defendant proves the conduct was no more than 'petty slights or trivial inconveniences.'"  Opp. Mem. at 22 (*citing* N.Y. Admin. Code § 8-107).  Claims under the NYCHRL are therefore regularly dismissed on summary judgment where plaintiff does not establish discriminatory intent or where the alleged acts are merely trivial.  *See, e.g., Ben-Levy v. Bloomberg, L.P.,* 518 F. App'x 17, 20 (2d Cir. 2013).  Because Plaintiff has failed to establish any retaliatory intent, or that the acts alleged were more than trivial, her NYCHRL claim must also fail.

## **CONCLUSION**

For the reasons stated herein, Charlex respectfully requests that this Court grant its motion for summary judgment and dismiss Plaintiff's Complaint in its entirety, as well as grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 12, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/Wendy Stryker
    Wendy Stryker
488 Madison Avenue, 10th Fl.
New York, New York 10022
Tel: (212) 980-0120
Fax: (212) 593-9175
wstryker@fkks.com
*Attorneys for Defendant Charlex, Inc.*